IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JERMAINE STEWART                                                             PLAINTIFF

v.                                                           CIVIL ACTION NO. 2:17-cv-47-MTP

JAMES T. WALLEY, ET AL.                                          DEFENDANTS

**OPINION AND ORDER**

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [54]. Having considered the Motion [54], the record, and the applicable law, the Court finds that the Motion [54] should be granted and that this action should be dismissed with prejudice.

**BACKGROUND**

On March 30, 2017, Plaintiff Jermaine Stewart, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at the Wayne County Jail in Waynesboro, Mississippi.[1] Plaintiff is currently incarcerated in the South Mississippi Correctional Institution. In his complaint and as clarified by his testimony at the *Spears* hearing,[2] Plaintiff asserts claims against Defendants concerning the excessive use of force, the conditions of his confinement, and the denial of due process.

According to Plaintiff, on April 8, 2016, Defendant James T. Walley searched Plaintiff's cell and discovered white shirts, boxers, and socks. Walley began gathering these clothing items,

---

[1] According to Plaintiff, in February of 2016, he was convicted of armed robbery and sentenced in Lamar County, Mississippi, and thereafter, he was transferred to Wayne County. According to Plaintiff, he has been charged with capital murder in Wayne County.

[2] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the compliant).

and Plaintiff asked Walley why he was taking the clothes. Walley informed Plaintiff that the additional clothes were contraband items. Walley attempted to throw the clothes in the trash, but Plaintiff grabbed them. Thereafter, Walley allegedly pushed Plaintiff two or three times toward the cell door. Walley and Defendant Jason Purvis began escorting Plaintiff down the hall to an isolation cell. According to Plaintiff, Walley pushed him again, and Plaintiff threw his shoulder back and told Walley to "get off me; I'm walking on my own free will."

Thereafter, Purvis allegedly sprayed Plaintiff with pepper spray, and one of the officers placed him in a chokehold.[3] Walley and Purvis then placed him in a medical evaluation cell. Plaintiff requested that the officers clean the pepper spray off him, so the officers returned with a water hose and sprayed him. Plaintiff allegedly asked Walley and Purvis to take him to the medical unit, but the officers refused.

According to Plaintiff, he was wearing only underwear and socks and requested clean clothes, but none were provided. Allegedly, Plaintiff was held in the medical evaluation cell, which did not have a shower, mattress, or blanket, for three or four days. According to Plaintiff, he was not injured as a result of being pushed or placed in a choke hold, but was in pain for two days as a result of the pepper spray.

Plaintiff alleges that Defendant Sheriff Jody Ashley failed to properly train Walley and Purvis and failed to properly respond to his grievances regarding the actions of Walley and Purvis.

Finally, Plaintiff claims that all Defendants violated his due process rights. According to Plaintiff, as a result of the incident with Walley and Purvis, he was placed in a medical

---

[3] According to Plaintiff, he is unsure whether it was Walley or Purvis who placed a chokehold on him because of the pepper spray in his eyes.

evaluation cell for three or four days and then held in an isolation cell for approximately one month. Additionally, Defendants allegedly restricted his privileges for approximately one month. Specifically, Plaintiff was unable to use the telephone, have visitors, use the canteen/commissary, participate in church services, or visit the law library for about one month.[4] Plaintiff alleges that these disciplinary actions were taken against him without a proper hearing. *See* Omnibus Order [36].

On January 26, 2018, Defendants Walley, Purvis, and Sheriff Ashley filed their Motion for Summary Judgment [54].

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The Court is not permitted to make credibility determinations or weigh the evidence. *See Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2001)). When deciding whether a genuine issue of fact exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010).

---

[4] Because Plaintiff testified that his inability to visit the law library did not hinder his efforts to pursue a legal claim or negatively affect his rights, the Court found that Plaintiff did not attempt to bring an access-to-courts claim. *See* Omnibus Order [36].

However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

*Excessive Force*

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied in a *good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.*" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).[5] The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Copeland v. Nunan*, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 2) (internal quotations

---

[5] In their Brief [55], Defendants cite the standard for analyzing excessive force claims brought by pre-trial detainees, which arises from the Fourteenth Amendment. Plaintiff, however, was a post-conviction inmate at the time his claims arose. *See* Omnibus Order [36]. Thus, the Court will consider Plaintiff's claims under the Eighth Amendment standard.

and citations omitted). In determining whether excessive force was applied, courts consider several factors, including: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

The record demonstrates that Defendants used reasonable force after Plaintiff acted in a noncompliant, threatening manner. In their affidavits, Walley and Purvis state that each of them told Plaintiff to "step back and stay away" while they searched his cell. *See* Affidavits [54-2] [54-3]. Plaintiff did not stay away from the officers. Plaintiff admits that he grabbed his contraband clothing items as Walley was attempting to throw them in the trash. Purvis states that Plaintiff "charged towards [Walley] and tried to grab [the clothes] from his hands." *See* [54-2].[6] Only after these actions did Walley allegedly push Plaintiff toward the cell door and push him while escorting him down the hall to an isolation cell.

Plaintiff complains that once they were in the hall Purvis sprayed him with pepper spray and one of the officers placed him in a chokehold. Plaintiff, however, admits that prior to these actions by Defendants, he threw his shoulder back and told Walley to get off of him. According to Walley, he believed Plaintiff was going to strike him. *See* [54-3]. Purvis also believed Plaintiff was going to strike Walley. *See* [54-2].

Additionally, Plaintiff complains that after he was placed in a medical evaluation cell, Defendants refused his request to be taken to the medical unit. Defendants, however, did not

---

[6] Plaintiff does not refute Defendants' assertions that they told him to "step back and stay away." Moreover, even without a direct order to stay away, Plaintiff's admitted act of grabbing the clothing items is noncompliant behavior.

5

leave the pepper spray on Plaintiff. Plaintiff admits that Defendants washed him off using a water hose.[7]

Considering Plaintiff's aggressive, noncompliant behavior and the "threat reasonably perceived" by Defendants,[8] the actions taken by Defendants were reasonable. *Baldwin*, 137 F.3d at 838-39. The record, including Plaintiff's own testimony, demonstrates that Defendants' force was applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm.[9] *See Id.*; *Miles v. Murra*, 2006 WL 456269, at *3-4 (S.D. Tex. Feb. 23, 2006) (finding that a correctional officer used pepper spray, a chokehold, and his knee in an inmate's back to restore order and discipline after the inmate refused his commands); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("nothing about the use of chemical spray or even a choke-hold was objectively unreasonable conduct where the suspect physically resisted arrest"); *McDowell v. Wilkinson Cty. Corr. Faculty*, 2008 WL 5169632 (S.D. Miss. Dec. 3, 2008) (finding that using pepper spray on and slapping an inmate for refusing a search and talking disrespectfully to officer was reasonable); *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state

---

[7] To the extent Plaintiff is attempting to raise a claim based on the denial of adequate medical care, such claim has no merit. Plaintiff has failed to demonstrate that Defendants were deliberately indifferent to a serious medical need. *See Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004). Plaintiff has not shown his medical issue was serious enough to warrant protection under the Eighth Amendment. Plaintiff admits he was not injured as a result of being pushed or placed in a choke hold. Additionally, Defendants did not ignore his complaints regarding the pepper spray but, instead, washed the pepper spray off him.

[8] Plaintiff has failed to demonstrate that it was unreasonable for Defendants to perceive a threat from him.

[9] Accepting Plaintiff's allegations as true, Plaintiff has failed to demonstrate a genuine issue as to any material fact. Plaintiff's own allegations demonstrate that Defendants' actions were reasonable considering Plaintiff's aggressive, noncompliant behavior.

a valid excessive force claim."). Accordingly, Defendants Walley and Purvis are entitled to summary judgment as a matter of law on Plaintiff's excessive force claims.

*Conditions of Confinement*

According to Plaintiff, after his encounter with Walley and Purvis, he was placed in a medical evaluation cell for three or four days. Plaintiff complains that he was wearing only underwear and socks and his request for clean clothes was denied. Plaintiff also complains that the medical evaluation cell did not have a shower, mattress, or blanket. Finally, Plaintiff complains that he was held in an isolation cell for approximately one month.

The Eighth Amendment protects inmates from cruel and unusual punishment and "requires prison officials to provide 'humane conditions of confinement,' ensuring that 'inmates receive adequate food, clothing, shelter, and medical care….'" *Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 932 (1994)). In order to demonstrate that prison officials violated the Eighth Amendment, Plaintiff must establish that the official was deliberately indifferent to a substantial risk of serious harm. *Id*. Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

Plaintiff alleges that he was denied clean clothes, a shower, a mattress, and a blanket for three or four days and was held in an isolation cell for one month. However, not all unpleasant conditions of confinement amount to cruel and unusual punishment. "To the extent such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he Constitution does not mandate comfortable prisons, and prisons…cannot be free of discomfort."

7

*Id.* at 349. Only those conditions which are "inhuman and barbaric" and deny an inmate of "the minimal measure of life's necessities" violate the Eighth Amendment. *Palmer*, 193 F.3d at 352.

The conditions alleged by Plaintiff exposed him to some unpleasantness and discomfort but were not so egregious as to rise to the level of cruel and unusual punishment. *See Krause v. Leonard*, 352 Fed. App'x. 933, 396 n.10 (5th Cir. 2009). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The United States Court of Appeals for the Fifth Circuit has stated that the length of time spent in offensive conditions should be taken into account, because a "filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months." *Alexander v. Tippah Cty.*, 351 F.3d 626, 631 (5th Cir. 2003); *see also Smith v. Copeland*, 87 F.3d 265, 267 (8th Cir. 1996) (four days of exposure to an overflowed toilet did not rise to the level of a constitutional violation); *Housley v. Harrison Cty.*, 2015 WL 5577063, at *3 (S.D. Miss. Sept. 22, 2015) (three days of exposure to feces and vomit did not rise to the level of a constitutional violation). Plaintiff's allegations describe a "relatively short period" of annoyance and discomfort, not the deprivation of "the minimal measure of life's necessities." *See Palmer*, 193 F.3d at 352.

Inmates have no right to an elevated bed, and the temporary inconvenience or discomfort of having to sleep on the floor does not amount to a constitutional violation. *Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir. 1986); *Gaines v. McDonald*, 2013 WL 4483393, at *4 (S.D. Miss. Aug. 19, 2013); *Tezeno v. S. LA Corr. Ctr.*, 2009 WL 4894372, at *3 (W.D. La. Dec. 14, 2009). The denial of showers and clean clothes for a short period of time does not constitute cruel and unusual punishment. *See Hamilton v. Lyons*, 74 F.3d 99, 106 n.8 (5th Cir. 1996); *Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (placement in cell without clothes, running water,

mattress, pillow, or blanket for four days was not unconstitutional). Additionally, Plaintiff's 30-day confinement in an isolation cell does not amount to a constitutional violation. *See Harris v. Page*, 2015 WL 127876, at *2 (N.D. Miss. Jan. 8, 2015); *Turner v. Lynaugh*, 40 F.3d 385, 1994 WL 652587, at *4 (5th Cir. Nov. 9, 1994) ("the Eighth Amendment is not violated by placing a prisoner in solitary confinement and by restricting his commissary privileges.").

Plaintiff has failed to designate specific facts demonstrating that he was exposed to conditions which have resulted in substantial risk of serious harm to his health or safety. Plaintiff's allegations describe uncomfortable conditions of confinement for a limited period of time, not the deprivation of a minimum measure of life's necessities. Accordingly, Defendants are entitled to summary judgment as a matter of law on Plaintiff's claims relating to the conditions of his confinement.

*Due Process*

Plaintiff also claims that Defendants violated his due process rights by placing him in an isolation cell and restricting his privileges for one month without a disciplinary hearing. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. App'x. 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state-created regulations or statues which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v.*

9

*Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process clause does not extend to every adverse or unpleasant condition experienced by an inmate.

Plaintiff's liberty interests were not infringed upon by the punishment he received—thirty days in an isolation cell and thirty days loss of privileges. *See Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997) (holding that an inmate's 30 day commissary and cell phone restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *Moore v. Sawyer*, 2010 WL 6004375, at *1 (E.D. Tex. July 26, 2010) (determining that loss of telephone and visitation privileges did not rise to a level of constitutional deprivation); *King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009) (finding that reclassification, reassignment, and loss of commissary, phone, and visitation privileges did not constitute a violation of plaintiff's constitutional rights); *Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. 2000) (concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found guilty of a disciplinary charge did not implicate the protections of the due process clause). Accordingly, Defendants are entitled to summary judgment as a matter of law on Plaintiff's due process claims.

***Failure to Train and Failure to Respond to Grievances***

Plaintiff also alleges that Sheriff Ashley failed to properly train Walley and Purvis and failed to properly respond to his grievances regarding the actions of Walley and Purvis. To succeed on a failure to train claim, a plaintiff must show "(1) the supervisor either failed to supervise or train the subordinate official; (2) a casual link exists between the failure to train or

supervise and violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (quotations and citations omitted). Plaintiff has failed to present any evidence demonstrating that Sheriff Ashley failed to properly train his officers. Moreover, there can be no liability for failure to train or supervise if there is no underlying constitutional violation, and as previously explained, Plaintiff has failed to establish an underlying constitutional violation. *See Whitley v. Hanna*, 726 F.3d 631, 648-49 (5th Cir. 2013).

Additionally, Plaintiff's claim that Sheriff Ashley failed to adequately respond to his grievances simply does not rise to the level of a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding that plaintiff's allegations that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that claim for "failure to investigate" did not amount to a constitutional violation). Moreover, Plaintiff had no constitutional right to a grievance procedure and has no due process liberty interest in having his grievance resolved to his satisfaction. *See Geiger v. Jower*, 404 F.3d 371, 374-75 (5th Cir. 2005); *Jones v. Shabazz*, 2007 WL 2873042, at *21 (E.D. Tex. Sept. 28, 2007). Thus, Sheriff Ashley is entitled to summary judgment as a matter of law on Plaintiff's claims concerning his failure to train and failure to respond to grievances.

### *Qualified Immunity*

Although Defendants raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Well v. Bonner*, 45 F.3d 90,93 (5th Cir. 1993) (citing *Siegert v. Gilley*,

500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because the Court finds that Plaintiff has failed to establish cognizable constitutional claims, it need not address the issue of whether Defendants are entitled to qualified immunity.

    IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion for Summary Judgment [54] is GRANTED.

2. This action is DISMISSED with prejudice.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

    SO ORDERED, this the 17th day of May, 2018.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge